UNITED STATES
BANKRUPTCY COURT
FILED

2007 APR 17 PM 1:52

L. AUSTIN, CLERK
MILWAUKEE, WISCONSIN

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| MARTINI J. GRICE, | Case No. 06-23578-JES |
| Debtor. | |

MARTINI J. GRICE,

      Plaintiff,

-v-                                                                                          Adversary No. 06-2395

WE ENERGIES, CITY OF MILWAUKEE,
COVENANT HEALTHCARE,
RADIOLOGY SPEC OF MILWAUKEE,
UNITED STATES ATTORNEY
INTERNAL REVENUE SERVICE,
WISCONSIN DEPARTMENT OF REVENUE, and
MARY B. GROSSMAN, CHAPTER 13 TRUSTEE,

      Defendants.

## DECISION

In this adversary proceeding, Martini J. Grice ("debtor") seeks a determination that upon successfully completing her current chapter 13 case, she will be entitled to receive a discharge by having complied with the two-year waiting period between bankruptcy filings, as provided by 11 U.S.C. § 1328(f)(2). Mary B. Grossman, chapter 13 trustee ("trustee"), opposes the debtor's request and asserts that the waiting period between the debtor's bankruptcy filings is governed by 11 U.S.C. § 1328(f)(1), which requires a four year waiting period between bankruptcy filings.

11 U.S.C. § 1328(f) was extensively amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and now reads as follows:

**11 U.S.C. § 1328(f)**

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

Sec. 1328(f), is clear in some respects, but is ambiguous in other respects. What is clear is that if a debtor files and receives a discharge in a chapter 7 case, that debtor is only eligible to receive a discharge in a subsequently-filed chapter 13 case after four years have elapsed since the filing of the prior chapter 7 case. What is also clear is that if a debtor files and receives a discharge in a chapter 13 case, that debtor becomes eligible to receive a chapter 13 discharge in a subsequently-filed chapter 13 case after two years have elapsed since the filing of the prior chapter 13 case. What is not clear is what happens where a debtor files a chapter 13 case, later converts it to a case under chapter 7, receives a chapter 7 discharge, and thereafter files another chapter 13 case. Is that debtor eligible for a chapter 13 discharge in the subsequently-filed chapter 13 case after **two years** or after **four years**? That is the question now before this court.

This issue has been presented upon a stipulation of facts and the trustee's motion for judgment on the pleadings. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and (O).

-2-

Case 06-02395-jes    Doc 23    Filed 04/17/07    Page 2 of 7

The facts, in chronological order, are as follows:

**June 17, 2004** - debtor files a case under chapter 13 (Case No. 04-29172).

**January 12, 2006** - Case No. 04-29172 is converted from chapter 13 to a case under chapter 7.

**April 19, 2006** - debtor receives a chapter 7 discharge in Case No. 04-29172.

**July 1, 2006** - debtor files the current case under chapter 13 (Case No. 06-23578).

The debtor argues that under a plain reading of § 1328(f)(2), she is eligible to receive a discharge in the current chapter 13 case upon its successful completion, notwithstanding the fact that her prior case was converted from chapter 13 to chapter 7, because the time interval between the filings of the two cases is more than two years.

The trustee, on the other hand, argues that § 1328(f)(1), not § 1328(f)(2), applies because of the conversion of the debtor's prior chapter 13 case to a case under chapter 7. The trustee submits that the debtor is ineligible for a discharge in the current case because the time period between the filings of the two cases, although more than two years, is less than four years. The trustee further argues that applying a literal interpretation of the statutory language of § 1328(f)(2) ignores § 348 of the Bankruptcy Code and leads to a result never contemplated by the drafters of BAPCPA.

The case law which has developed thus far on this issue since the enactment of BAPCPA unanimously supports the trustee's position. In the case of In re Capers, 347 B.R. 169 (Bankr. D. S.C. 2006), the court held that a literal construction of § 1328(f) is neither endorsed by the Bankruptcy Code nor the legislative history of § 1328(f). Capers concluded that adopting the position advocated by the debtor ignores the effect of conversion contained in § 348(a) of the Bankruptcy Code, which states:

> **§ 348. Effect of conversion.**
>
> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Capers reasons that, under § 348(a), a converted case is <u>deemed</u> to have been filed at the time the bankruptcy case was initially filed and before it was converted. 341 B.R. at 171-72, citing <u>Resendez v. Lindquist</u>, 691 F.2d 397, 399 (8th Cir. 1982), which held that when there is a conversion from chapter 13 to chapter 7, the debtors are deemed to have filed the converted case at the time the original bankruptcy case was filed. 11 U.S.C. § 348(a)."). Recently, <u>In re Perfetto</u>, 2007 B.R. LEXIS 194 (Bankr. D. R.I. 2007), also cited with approval <u>Resendez</u> and declared:

> Most courts interpreting this section have held that (the filing date of) "a converted case relates back to the initial filing date for all purposes" – and § 348(a) mandates that a case which has been converted to Chapter 7 from Chapter 13 – is deemed to be "filed under" Chapter 7 on the date on which the Chapter 13 was filed.

<u>Capers</u> stated that this result is consistent with the legislative history of § 1328(f), and that to give the statute the mechanical reading sought by the debtor "would frustrate the policy that Congress sought to implement through the provisions of that section," adding that Congress sought to lengthen the time between the discharges debtors receive under chapters 7, 11, 12, and 13 and subsequently-filed chapter 13 cases. 347 B.R. at 172.

<u>In re Sours</u>, 350 B.R. 261 (Bankr. E.D. Va. 2006), reached the same conclusion as <u>Capers</u>, asserting:

> Words of a statute must be read in their context and with a view to their place in the overall statutory scheme.

-4-

Case 06-02395-jes    Doc 23    Filed 04/17/07    Page 4 of 7

350 B.R. at 266. Sours also referred to the "plain meaning rule" enunciated by the United States Supreme Court in United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 243, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989), and quoted the following language in Ron Pair:

> The plain meaning of legislation should be conclusive, except in the "rare cases" [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

350 B.R. at 266. Sours then continued as follows:

> Legislative history indicates that the purpose of § 1328(f) was to extend the time periods within which a debtor could receive a subsequent discharge, not to inadvertently create an avenue of avoidance for clever debtors.

350 B.R. at 268 – – –

> Disingenuous filing by debtors is clearly an absurd result that runs contrary both to public policy and congressional intent.

350 B.R. at 269.

In re Grydzuk, 353 B.R. 564 (Bankr. N.D. Ind. 2006), joined in the parade of cases holding that a debtor is not eligible to receive a discharge if that debtor had filed a previous case converted from chapter 13 to chapter 7 within the past four years. Grydzuk placed its emphasis in its analysis upon the chapter under which the discharge was entered as being the determinative event with respect to § 1328(f).

Further authority adhering to this view includes In re Knighton, 355 B.R. 922 (Bankr. M.D. Ga. 2006),[1] and, most recently, In re Ybarra, 2007 WL 273130 (Bankr. S.D. Ill. 2007). Judge Meyers in Ybarra stated that the legislature's intent in promulgating § 1328(f) was to focus upon the chapter under which a debtor received a discharge, thereby making irrelevant any inquiry into the

---

[1] The result in Knighton supported the debtor only because the time period between the filings of the debtor's two cases exceeded four years.

chapter under which the petition was filed or to which a case was converted, thus adopting the approach in Grydzuk. Judge Meyers rejected the debtor's attempt to read the words "case filed under" in a vacuum. Instead he declared that it is "necessary to examine the meaning of this section within the context of the statutory scheme, including § 348(a) when a prior converted case is involved."

This court joins with Capers, Sours, Grydzuk, Knighton, and Ybarra and holds that the 4-year waiting period contained in § 1328(f)(1) applies to the case at bar. The history in the Report of the Committee on the Judiciary House of Representatives, sparse at it is, supports this conclusion in stating that this legislation was intended to extend the period between bankruptcy discharges. H.R. Rep. No. 109-31, at 76 (2005). Its goal was to plug loopholes previously used by bankruptcy serial filers. This not only evinces itself in § 1328(f) but also in § 362(c)(3) (which limits the application of the automatic stay to 30 days from date of filing for a debtor who had one prior case filed and dismissed within one year of the current filing); § 362(c)(4) (which prevents the automatic stay from even becoming effective where the debtor had two or more prior cases filed and dismissed within one year of the current filing); and § 727(a)(8) (amended to extend the period before a chapter 7 debtor may receive a subsequent chapter 7 discharge from six to eight years).

If the court endorsed the position espoused by the debtor, it would be counterproductive to the Congressional goal. By way of illustration, assume a debtor files a chapter 7 case and subsequently in good faith converts that case to a case under chapter 13. This is not a particularly unusual occurrence. If the debtor's position in the case at bar is adopted, the debtor in the hypothetical illustration would be penalized for attempting to enter into a repayment plan because of the requirement that the debtor wait more than four years before becoming eligible to receive a discharge in the second chapter 13 case. On the other hand, assume a serial debtor, who

never intends to complete a chapter 13 case, initially files under chapter 13 solely to preserve the ability to later file another bankruptcy case after two years. In this hypothetical illustration, the serial debtor, shortly after filing under chapter 13, converts the case to a case under chapter 7 and receives a chapter 7 discharge. If the debtor's argument in the case at bar is adopted, the serial filer in this second hypothetical illustration would be eligible to file another bankruptcy case after two years from the time the previous case was filed. This would produce a bizarre result clearly at odds with the intent of Congress. Such a practice would only encourage gamesmanship on the part of repeat filers and create an abuse of the Bankruptcy Code leading to an illogical result never contemplated by Congress.

## CONCLUSION

Pursuant to 11 U.S.C. § 1328(f)(1), the four-year waiting period between the filings of the two cases applies. Because less than four years have elapsed between the filing of debtor's case number 04-29172 and debtor's current case number 06-23578, the debtor is not eligible to receive a discharge in current case number 06-23578.

Accordingly, the trustee's motion for judgment on the pleadings is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17 day of April, 2007.

BY THE COURT:

JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE

-7-

Case 06-02395-jes    Doc 23    Filed 04/17/07    Page 7 of 7